## TOM CHITWOOD v. THE STATE.

### No. 2645.   Decided January 28, 1903.

**1.—Theft from the Person—Indictment.**

    See opinion for indictment for theft from the person held good.

**2.—Continuance—Absence of Statement of Facts.**

    A motion for continuance can not be reviewed in the absence of a statement of facts.

**3.—Instructions—Absence of Statement of Facts.**

    A refusal of special requested instructions can not be considered in the absence of a statement of the facts.

**4.—Theft from the Person—Value—Charge.**

    Theft from the person is per se a felony, without regard to the value of the property stolen, if it is of any value whatsoever. It is not necessary to allege nor prove the value, and the court is not required to instruct the jury upon the question of value.

**5.—Same—Charge.**

    On a trial for theft from the person, it is not error for the court to fail in its charge to define theft in general.

Appeal from the District Court of Cooke.   Tried below before Hon. D. E. Barrett.

Appeal from a conviction of theft from the person; penalty, four years imprisonment in the penitentiary.

The indictment is set out in the opinion.   No statement of facts in the record.

· No briefs on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

. BROOKS, JUDGE.—Appellant was convicted of theft from the person, and given four years in the penitentiary.

The charging part of the indictment is as follows:   That Tom Chitwood "did then and there, unlawfully, fraudulently, and privately, take from the possession and person of Jerome McNeely, and without the knowledge and without the consent of said Jerome McNeely, corporeal personal property then and there belonging to the said Jerome McNeely, to wit, one leather belt, with the letters 'L. C. M.' on inside of same, one 38-caliber pistol, one brass watch, with red yarn string attached, and four silver dollars of United States of America money, and with the intent then and there on the part of him, the said Tom Chitwood, to deprive him, the said Jerome McNeely, of the value of the same, and to appropriate it to the use and benefit of him, the said Tom Chitwood," etc.   We think the indictment is proper and correct.

The record is without a statement of the facts, and hence the motion for continuance can not be reviewed.

Appellant requested the court to charge the jury:   "I charge you that if the property alleged to have been stolen in this case, and found in the possession of defendant, if the possession had been explained in a reasonable way, it is then the duty of the State to show you the falsity

of such explanation by the burden of the evidence." We can not say whether the court erred' in refusing this charge, in the absence of the evidence.

The second ground of the motion for new trial contends "that the court nowhere in said charge requires the jury to find that the property alleged to have been stolen was of any value whatever, but assumes that the property was of some value, and tells the jury that if they find defendant took the property, or any part thereof, they could find him guilty. Appellant insists that the law requires the jury to find that defendant took the property with the intent to deprive the owner of the value thereof, yet this charge permits the jury to find him guilty without finding that the property had any value whatever." The court charged the jury as follows: "If you believe from the evidence, beyond a reasonable doubt, that in Cooke County, Texas, prior to the 3d day of December, 1902, and about the time charged in the indictment, defendant, Tom Chitwood, did fraudulently and privately take from the possession and from the person of Jerome McNeely, without the knowledge and without the consent of said Jerome McNeely, one leather belt, with the letters 'L. C. M.' on inside of same, one 38-caliber pistol, one brass watch, with red yarn string attached, and four silver dollars of United States of America money, belonging to said Jerome McNeely, or any or either of said articles, with the intent to deprive said Jerome McNeely of the value thereof, and to appropriate the same to defendant's own use and benefit, then you will find defendant guilty." Theft from the person is per se a felony, without reference to the value of the property stolen, if of any value whatever. Therefore it is neither necessary to allege nor prove the value of the property taken; hence the trial court is not required to instruct the jury upon the question of value. Green v. State, 28 Texas Crim. App., 494.

The third ground of the motion is that the court erred in not defining the offense of theft in general, in order that the jury might have a standard by which to determine what is required to constitute the offense of theft from the person.

This is not necessary. No error appearing in the record, the judgment is affirmed.

*Affirmed.*