WILL WATTS v. THE STATE.

No. 3303.   Decided November 11, 1914.

Rehearing denied November 25, 1914.

**1.—Theft from the Person—Evidence—Res Gestae.**

Where, upon trial of theft from the person, the State was permitted to introduce testimony over defendant's objection that at the time or immediately after the time of the alleged theft, the injured party requested the State's witness to give him something to defend himself, and that the negroes had robbed him and were then trying to kill him, this matter being so closely related to the main transaction and while the alleged party was laboring under excitement, etc., as to make it res gestae, there was no error. Following Walling v. State, 55 Texas Crim. Rep., 254.

**2.—Same—Evidence—Impeachment.**

Where, upon trial of theft from the person, the question objected to by the defendant was for the purpose of impeaching a defendant's witness, and it did not appear in the bill of exceptions that the matter was an ex parte statement in the absence of defendant, there was no reversible error.

**3.—Same—Evidence—Ex Parte Statements.**

Where, upon trial of theft from the person, the defendant objected to the action of the county attorney to read in evidence an ex parte statement made by the party injured, and it appeared from the bill of exceptions that the said party had been examined about some of these matters by counsel for the defendant and that said ex parte statements were read by the county attorney in answer to those questions and that examination, there was no reversible error.

**4.—Same—Rule Stated—Ex Parte Statement—Evidence.**

If one party reads a portion of the statement, the other side has the legal right to read all the remaining portion of it which relates to or explains that which was introduced by the first party or about which inquiry is made.

**5.—Same—Evidence—Witness—Co-defendant—Suspended Sentence.**

Where defendant's witness was a co-defendant under a separate indictment and had not been acquitted, but had been convicted and the sentence suspended, he was not competent to testify for the defendant.

**6.—Same—Indictment—Value—Theft from Person.**

It is not necessary to allege the value of the property taken in a case of theft from the person, and there was no error in overruling a motion to quash the indictment on this ground. Following Chitwood v. State, 44 Texas Crim. Rep., 439, and other cases.

**7.—Same—Race Discrimination—Practice.**

A motion in arrest of judgment, on account of race discrimination because defendant was a negro, comes too late after conviction.

**8.—Same—Requested Charge—Objections to Charge.**

In the absence of an exception to the court's charge before it was read to the jury, the complaint in the motion for new trial that his requested charge should have been given can not be considered on appeal; besides, the same was embraced in the court's main charge.

**9.—Same—Rule Stated—Objections to Charge.**

The defendant should bring himself within the rule, to the extent of calling the court's attention to a requested charge, before he read his main charge to the jury, and not thereafter.

**10.—Same—Withdrawal of Testimony.**

Where the testimony which defendant asked to have withdrawn from the jury was a part of the res gestae as admitted in evidence, there was no error in overruling his motion.

**11.—Same—Evidence—Limiting Testimony—Charge of Court.**

Where the evidence admitted was for the purpose of impeaching defendant's witness, there was no error in the court's failure to limit the same to this purpose; besides, there was no request made at the time the charge was read to the jury to so limit the testimony.

**12.—Same—Evidence—Charge of Court—Limiting Testimony.**

Where the county attorney had laid the proper predicate for the purpose of impeaching a defendant's witness, and before the charge of the court was read, the defendant and his counsel were given an opportunity to except, which they omitted to do, there was no error in the court's failure to limit said testimony, which was properly admitted for impeaching purposes, to that purpose.

**13.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft from the person, the evidence was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Collin. Tried below before the Hon. M. H. Garnett.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. D. Cottrell,* for appellant.—On question of admitting testimony as res gestae: Gaines v. State, 53 S. W. Rep., 623; Hall v. State, 64 S. W. Rep., 248.

On question of court's failure to charge on value of property: Dukes v. State, 22 Texas Crim. App., 192; Bryant v. State, 16 id., 144.

*C. E. Lane,* Assistant Attorney General, for the State.—On the question of value: Branch's Crim. Law, sec. 827, and cases cited in opinion.

DAVIDSON, JUDGE.—The indictment contains one count charging robbery, and one charging theft from the person. The county attorney elected to try on the count charging theft from the person.

Claude Mayes was permitted to testify, over appellant's objections, that at the time or immediately after the time of the alleged theft the

injured party, Reagan, came to his place, something like two hundred yards from the scene of the theft, and requested the witness to give him something to defend himself; that the negroes had robbed him and were then trying to kill him. Mayes further testified that he stepped out of his door and saw three men standing up the street near where two streets cross. His testimony does not definitely in the bill of exceptions state the distance these persons were from his house or the distance from the scene of the theft. This occurred immediately after the transaction, and if we go to the statement of facts the State's evidence shows that these parties had chased Reagan, some using a knife or knives and a pistol. This matter was so closely related to the transaction, and while the alleged injured party was laboring under excitement, etc., we think it comes under the rule of res gestae. See Walling v. State, 55 Texas Crim. Rep., 254. There were two bills of exception reserved to this, the court signing the last of the two bills with this qualification: "This testimony was admitted as res gestae, the evidence showing that the matters testified by the witness occurred, as quickly as the witness could run from the place of the alleged theft and immediately thereafter to the Mayes restaurant, about half way around the block, a distance of about 200 yards." This evidence, under the authority of Walling v. State, supra, would be admissible. Other cases might be cited in support of this proposition, but the Walling case seems to be directly in point.

Will Smith, alias Lee Smith, testified for the defendant. After he had finished examining the witness State's counsel proceeded to cross him. Among other things, he asked the witness if he had made a statement to the city attorney at Plano the day after the alleged transaction, which was written down. These statements were with reference to what occurred at the scene of the theft. The objection was that it was an ex parte statement and the defendant was not present, and had no chance to cross-examine him. The court admitted this as a matter of impeachment. The facts are not sufficient to show definitely the matter, and for this reason the bill might be considered defective. The witness qualifiedly denied making some of the statements. This bill seems to show that these questions were simply asked for the purpose of impeachment. Under the statement of the bill we think there was no error. If it was not for the purpose of impeachment, and was an ex parte statement in the absence of the defendant, the bill should have shown it. This was proper as a predicate for impeachment.

Dick Reagan was the injured party. A bill of exceptions recites after the defendant had rested his case, and the State was offering rebuttal testimony, among other things, the county attorney offered to read in evidence an ex parte statement made by Dick Reagan before the city attorney at Plano. It is further recited this ex parte statement was not taken at the examining trial, but was made in the office of the city attorney and no one was present except himself and the witness Reagan. This statement was written, signed and sworn to by Dick Reagan. Objection was urged to this on the ground that it was hearsay,

prejudicial and defendant was not present at the time it was made, and was hearsay as to him. Thereupon the court stated that counsel for defendant having asked the witness Harrington to state whether certain things were or were not in the ex parte statement, that he did not see how counsel were in-a position to object to its being read to the jury. Thereupon counsel for defendant stated that the county attorney had been reading excerpts from ex parte statement and that he felt sure that he had at one time objected to them and understood that the evidence would go in over his objections, that he only asked the witness about a part of the ex parte statement, matters that Mr. Truett had read from extracts from the ex parte statement. Thereupon the court stated that he had not ruled on the ex parte statement and would keep it out except for the cross-examination of the witness. Thereupon the county attorney stated that he read a part of the ex parte statement about which the witness testified and that was directly on the matter brought out by counsel for the defendant at the time, and since that time counsel for the defendant has asked the witness numerous questions as to whether this statement does or does not contain certain things. Thereupon the court overruled said objection and permitted the county attorney to read said statement in evidence before the jury. Then follows the statement of the witness read, or that portion of it read to the jury. The court explains this bill in this wise: "The State was permitted to read in evidence the ex parte statement of Dick Reagan complained of because the defendant had examined the witness Harrington in regard to the contents of the statement. Furthermore, the examining trial statement of Dick Reagan had already been admitted in evidence without objection by defendant and said examining trial statement contains all the material matters that are contained in the ex parte statement." As presented we think there is no error. The bill recites that the witness Reagan had been examined about some of these matters by counsel for the defendant, and the statement made was read by the county attorney in answer to those questions and that examination. The bill does not undertake to show nor assert that the statement introduced was not in reply or to meet the questions and matters brought out by the appellant. If one party reads a portion of a statement, the other side has the legal right to read all the remaining portion of it which relates to or explains that which was introduced by the first party, or about which inquiry is made. Unless this is shown to be error, this court can not hold it error.

Another bill recites that Bud Bowman, alias Automatic Slim, was called by defendant and offered as a witness. Objection by the county attorney was that this witness was not competent, he being charged under a separate indictment with the same offense as this defendant and his case has not been finally settled. Thereupon, at request of counsel for defendant, the jury was withdrawn. The court then stated that he understood that the witness offered by the defendant is charged in a separate indictment with the same offense and this witness had been tried and not acquitted but was convicted and given a sentence for so

many years and his sentence suspended. The court further stated that he would rule that the law means that unless he is acquitted he can not testify. Then follows the testimony which witness would have given had he been permitted to testify, covering several pages. This witness was not a competent witness for the defendant. The statute provides where parties are indicted jointly or for the same offense under separate indictments, they can not be used as witnesses for each other until they have been acquitted. This applies to felony cases. The witness had not been acquitted but had been convicted. He was not a convict within the terms of the statute, because sentence had not been pronounced against him, but the sentence was suspended. This would not render him a competent witness for defendant. The indictment and the verdict of the jury were hanging over him. Under the statute until he has been acquitted he could not be a competent witness for the defendant.

Another bill recites that after defendant had been convicted and after the evidence was all in for the State, a motion was made by defendant to require the State to elect on which count it would rely for a conviction, and after the State had duly elected to rely on the second count in the indictment, towit, theft from the person, the defendant then made his motion in arrest of judgment. The substance of this motion is that the indictment was defective because it did not allege the value of any item charged to have been taken from the person of Dick Reagan, but simply charges that said Will Watts did then and there, etc., take corporeal personal property, towit, one pocketbook, containing one ten dollar bill, the same then and there being United States paper money, and two nickels and one bottle of medicine. It is unnecessary to charge the value of the property taken in cases of theft from the person. See Chitwood v. State, 44 Texas Crim. Rep., 439; Shaw v. State, 27 Texas, 750; Green v. State, 28 Texas Crim. App., 493; Branch's Crim. Law, sec. 827.

It is further contended the motion in arrest of judgment should have been sustained because the defendant is a negro, and the jury commission who drew the grand jury that indicted appellant, and the jury that tried him discriminated against him in this, the said jury commission did not draw a negro on the petit jury and, therefore, he was discriminated against in violation of the Fourteenth and Fifteenth Amendments to the Federal Constitution of the United States of America. And further that defendant was in jail when the indictment was returned and not given a chance to object to the grand jury that found the indictment. These matters came too late after the conviction. If appellant had desired to take advantage of the proposition of discrimination against him because he was a negro, it should have been taken in advance of the conviction.

Appellant requested a special charge which was refused by the court. The bill states that after the State and defendant had introduced all of their evidence, and after the court had given his main charge to the jury, the defendant duly presented to the court special charge No. 1,

and requested him to give same to the jury. Upon the merits of the charge itself, in view of the charge given by the court, we do not believe it presents error. The matter was sufficiently given by the court in his main charge. The court says that this bill of exceptions was presented to him on the 5th of September, and that he had no recollection of the charge having been presented to him, yet he would have refused it, and if it was in his power would still refuse to give it. Under the late statute this charge comes too late. There was no exception taken to the court's charge, so far as this record is concerned, before it was read to the jury, and no exception reserved to any portion of that charge. The bill recites that this charge was asked after the court had read his charge to the jury. Appellant should have brought himself within the rule to the extent of calling the court's attention to it before he read his charge to the jury. We are of the opinion this bill does not show that appellant brought himself within the letter or spirit of that statute.

Another bill recites appellant, after the testimony was all in, asked the court to withdraw from the jury all of the testimony of Claude Mayes wherein he stated what occurred between himself and Reagan at Mayes' restaurant just after this transaction, and especially the expressions used by Reagan that "they have robbed me." All this was a part of the res gestae, and the facts all show for the State that these parties drew a pistol and had a knife or knives, and it was at the time of the alleged theft and occurred immediately after he demanded the return of his property. It is unnecessary to go into details. It was part of the res gestae. We are of the opinion that the testimony was admissible, and there was no error in not withdrawing it.

Another bill recites that while Thomas, defendant's witness, was being cross-examined by the county attorney, he asked him if he did not make certain statements before the grand jury. Appellant objected on the ground that these were ex parte statements and at a time and place where defendant was not present and was not allowed to be present, and was hearsay as to him, etc. This was permitted to go to the jury. What that testimony is is not set out in the bill, but the bill further recites that the court erred in not limiting this to impeachment purposes; and further recites that this was called specially to the court's attention in the ninth paragraph of the amended motion for new trial. The court appends this statement to this bill: "The question propounded to the witness was legitimate and proper for the purpose of laying the predicate to impeach the witness. The portions of the statement read in evidence tended or rather did impeach his statement made on the trial. There was no request made to me at the time to limit the evidence. There was no charge requested for this purpose and no exception made to my charge because of this fact. The jury could not possibly have used such evidence for any other purpose." These reasons given by the judge seem to be sound, especially in view of the late statute which requires these exceptions to charges, etc., before the charge is read to the jury. We also have a line of authorities to

the effect that where testimony can be used for no other purpose than impeachment, it is not error to refuse to limit it. Under the qualification of the bill by the court there is presented no error requiring a reversal for this reason.

Another bill recites that the State produced a witness named Neathery, who testified that he was assistant county attorney and was before the grand jury when the witness Allen Thomas testified with reference to the robbery or theft from Dick Reagan on the 6th of February; that he reduced the statement of Allen Thomas to writing, that the same was read over and signed by Allen Thomas, and the witness identified the paper shown to him as being such statement. Thereupon the county attorney stated he would offer two paragraphs of such statement for the purpose of impeachment. Counsel for defendant examined the statement and then stated to the court that he objected to the statement because it was hearsay as to the defendant. The court thereupon asked the county attorney if he had laid a predicate for this evidence, and the county attorney stated that he had. The court thereupon overruled the objection. The county attorney read said extracts from said statement of Allen Thomas made before the grand jury, which is unnecessary here to repeat, but it is set out in the bill. The court makes this statement on this bill: "The county attorney had in fact laid the proper predicate for the purpose of impeaching the witness, and before the charge was read the defendant and his counsel were given an opportunity to except to it, and no exception was made to the charge because it did not state to the jury that such evidence was only admitted for the purpose of impeaching said witness nor was any such charge requested of me." This testimony was properly admitted under the statement of the court, and appellant did not bring himself within the rule of the statute by which he could take advantage of the matter in regard to the failure of the court to charge with reference to this testimony.

It is also contended the evidence is not sufficient to support the conviction of theft from the person. It is unnecessary to repeat the evidence in this connection. It is, we think, sufficient to show that appellant took suddenly from the pocket of Reagan his property and refused to give it up. Reagan shows it was a pocketbook with ten dollars and two nickels in it and a bottle of what he called medicine, which was diluted alcohol prepared for medicine under the direction of his physician. This was denied by appellant's side of the case. We think the evidence is sufficient if the jury believed Reagan, but there is other testimony which corroborates him. But be that as it may, we think the evidence is sufficient to justify the verdict of the jury; they have the right to weigh the testimony and credibility of the witnesses and pass on those matters.

For the reasons indicated this judgment will be affirmed.

*Affirmed.*

[Rehearing denied November 25, 1914.—Reporter.]