## Earnest Harper v. The State.

No. 5592. Decided December 17, 1919.

Rehearing denied January 21, 1920.

1.—Intoxicating Liquor—Public Place—Sufficiency of the Evidence.

Where the indictment charged the defendant with unlawfully having and keeping in his possession certain intoxicating liquors in a public place within prohibition territory, under the Act of the fourth called session of the Thirty-fifth Legislature, and the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

2.—Same—Charge of Court—Public Place.

Where, upon trial of having and keeping in his possession intoxicating liquor at a public place in prohibition territory, the court instructed the jury that before defendant could be convicted he must have had said liquor at or around the depot at the railroad station, and that the jury must find that the same was a place to which persons resorted for the purpose of business, and boarding trains for the purpose of transportation, etc., the same was a sufficient definition of a public place, and it is not necessary in order to make one guilty under this statute that he intends to remain in the place where he is charged to have such intoxicating liquor.

3.—Same—Validity of Act—Constitutional Law.

The Act of the Fourth called session of the Thirty-fifth Legislature defining the offense of having and keeping in one's possession certain intoxicating liquor at a public place in prohibition territory, is valid and constitutional, and does not conflict with the Webb-Kenyon Act. Following: Ex parte, Fulton, 86. Texas Crim. Rep., 149.

4.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully having and keeping at a public place in prohibition territory intoxicating liquors, the evidence abundantly showed the guilt of the defendant, and that he was seeking to evade the law and to carry out a boast that the officers could not catch him, there was no reversible error, and the conviction is sustained.

5.—Same—Charge of Court—Practice in District Court.

Even if this court should conclude that defendant's requested charge presented a correct statement of the law involved, yet the record on appeal did not show when the same was presented to the trial court and refused, and in the absence of a showing that the same was presented to the court before the main charge was read to the jury, etc., there is no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. R. B. Seay, judge.

Appeal from a conviction of unlawfully having and keeping intoxicating liquors at a public place in prohibition territory; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Oscar H. Colnert,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted and sentenced in the Criminal District Court of Dallas County, to one year in the penitentiary, for the offense of having in his possession certain intoxicating liquor at a public place in Dallas County, the same being territory where the sale of such liquor was prohibited under the Constitution and laws of Texas.

The indictment contains four counts, only one of which was submitted to the jury, said counts substantially charging that in said dry territory, appellant did then and there unlawfully have and keep in his possession certain intoxicating liquor, to-wit, whisky, in a public place, to-wit, in and around the railroad station of the town of Rowlett, Texas, the same being a public place, etc.

Appellant's first contention herein is that the evidence does not support the verdict. We think the evidence abundantly shows that appellant got off the train at Rowlett, five or six miles distant from Dallas, Texas, with two grips, in which were thirty pints of whisky, and that the place where he had said whisky was a public place, such as comes within the terms of Section 3, Chapter 31, Acts of the Fourth Called Session of the Thirty-fifth Legislature. No contention is made but that this was within territory commonly known as "local option" territory, and it was admitted by all parties that the sale of liquor had been therein forbidden.

We think the State's proof abundantly shows that appellant's purpose in bringing the liquor to Rowlett, and in getting off the train there, was to evade probable arrest for the bringing of same in the city of Dallas. It was shown that a couple of days before his arrest, he was in the town of Garland, and was heard to say to some one: "Crank up your car. I am coming in on the Flyer this evening, and I want to see if one of these damned officers can catch me or not." That he bought a ticket that day and went to some point in Louisiana, where he procured the two grips full of liquor and returned to Rowlett. When the train arrived, the officers were watching for him, and saw him get off the train at the east end of the depot and cross over the public road to some stores. They there accosted him and asked him what he had in the grips, and he demanded to know if they had a warrant for him. When they told him they had not, he refused to let them see the contents of the grips. They investigated one of the grips, and found it to contain whisky in pint bottles, and proceeded to carry him to Garland, where there was a magistrate. When they reached Garland, he objected to their investigating the smaller grip, claim-

ing that there was nothing in it but tools; but its contents were also found to be whisky.

Appellant took the stand and swore that he had been a bartender in Dallas before the town went dry, and that he wanted to get and got the whisky in question for his own use, and was on his way home from Louisiana with it; that he merely got off the train at Rowlett to see a friend whom he had heard was very sick; that he had seen this friend for several years.

The claim made by appellant that he got off the train a short way back from the depot, and from there walked across to the stores, and that where he got off said train was not a public place, does not seem to us worthy of consideration.

The State's witnesses testified that the place where he was with the liquor, was one to which people resorted for the purposes of business and boarding trains, etc., and we do not think there is anything in the contention. Rowlett was not his home, nor was the depot, the stores, or the road his home in any sense, nor did he so claim.

Complaint is made of various matters occurring at the trial, but no bills of exception were reserved to any of them, and we are, therefore, not at liberty to consider same. But one objection was made to the charge of the trial court, same being on the ground that the court failed to define a public place, but an inspection of the charge shows that the court instructed the jury that before appellant could be convicted, he must have had said liquor in his possession at or around the depot at Rowlett, and that they must find that same was a place to which persons resorted for the purpose of business, and boarding trains for the purpose of transportation, etc. We think this was a sufficient definition of a public place in said charge. Nor do we think the court erred in refusing special charge No. 2, asked by appellant. It is not necessary, in order to make one guilty, unded this statute, that he intends to remain in the place where he is charged to have had such intoxicating liquor.

In Ex parte Fulton, (No. 5337), 86 Texas, Crim. Rep. 149. 215 S. W. Rep., 331, an opinion recently handed down by this Court, we upheld the constitutionality of this statute, and reference is made to said opinion for the authorities and reasoning at length. We do not think said statute is in conflict with the Webb-Kenyon Act.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

January 21, 1920.

LATTIMORE, JUDGE.—This case is before us on appellant's mo-
tion for a rehearing, in which but two matters of objection to the
opinion are presented, namely:    (1) That we should not have held
the evidence sufficient to support the verdict;    (2) That we were
wrong in upholding he action of the trial court in refusing special
charge No. 2, asked by the appellant.

We add to what we said in the opinion, as to the sufficiency of the
evidence, this;—that appellant lived in Dallas, and shortly before
his arrest in the instant case, was in Rowlett, a village five or six
miles distant from Dallas, and was overheard boasting that the
officers could not catch him.   He was suspected and watched by
the officers, and when he bought a ticket for an east bound train,
they investigated, and found that he had bought one for some
point in Louisiana; and that the earliest date he could return
from said point, would be the following Saturday.   On that day,
appellant did return with two grips full of whisky.   He alighted at
said little village, and was shortly thereafter accosted and arrested
by the officers, to whom he made false statements as to what he
had, and to whom he also refused to disclose the contents of his
grips.   It is true, under the statute, one may have in his own home,
intoxicating liquor, under certain conditions, but the fact that one
makes a journey of several hundred miles, apparently for no pur-
pose except to procure thirty pints of whisky, and that he mis-
represents, and tries to secetly convey the liquor, comports more
with the attitude of one who seeks to evade the law, and to carry
out a boast that the officers cannot catch him, rather than the
conduct of one who wanted liquor for use in his own home.   We
think the jury were fully justified in finding him guilty.

Even if we should conclude that special charge No. 2 did pre-
sent a correct statement of the law involved, in the line with Ex
parte Fulton, 215 S. W. Rep., 331, we further observe that there is
nothing about said charge, as it appears in the record, to show when
it was presented to the trial court, and by him refused.   Our
statute requires that such charges must be presented to the court
before the main charge is read to the jury, and in the absence of
any showing that such was the case, and in view of the fact that
every presumption is indulged in favor of the correctness of the
action of the trial court, we would uphold the refusal of such charge
by the lower court, even if the same contained a correct state-
ment of the law.   See Acts 33 Legislature, Regular Session, p. 278;
Vernon's C. C. P., p. 525, note 63.   It is not sufficient that the
record show a charge which states at its beginning that it is "Special

29—86—T. C. R.

Charge No. 2, requested by the defendant," and which closes with the refusal of the trial court. Such a charge must disclose the facts necessary to enable us to determine when it was presented, and to inform us that it was presented in time.

No error appearing, appellant's motion for a rehearing is overruled.

                                                        *Overruled.*