C. F. BALDAUF v. THE STATE.

No. 5788.   Decided April 14, 1920.

**1.—Intoxicating Liquors—Public Place—Having and Keeping—Validity of Statute.**

The Act of the Thirty-fifth Legislature, Fourth Called Session, Chapter 31, making it an offense to unlawfully have and keep intoxicating liquors in a public place in a locality in which the sale of such liquor is prohibited by local option, is valid.   Ex parte Fulton, 86 Texas Crim. Rep., 149, and other cases.

**2.—Same—Sufficiency of the Evidence—Plea of Guilty.**

Where, defendant pleaded guilty to the offense of unlawfully having and keeping intoxicating liquor in a public place, etc., and was assessed the lowest punishment, the sufficiency of the evidence to sustain the conviction is not in question. Following Terretto v. State, 86 Texas Crim. Rep., 188.

Appeal from the District Court of Palo Pinto. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of unlawfully having and keeping intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General for the State. Cited cases in opinion.

MORROW, JUDGE.—The appellant is sentenced to confinement in the penitentiary for one year upon conviction of the offense of unlawfully "having and keeping" intoxicating liquor in a public place in a locality in which the sale of such liquors was prohibited by the Local Option Prohibition Law. The offense took place in June, 1919, before the recent amendment to Article 16, Section 20, of the Constitution, became effective. The appellant entered a plea of guilty. The only question arising from the record is the legality of the statute upon which the prosecution is founded, which is Chapter 31 of the Acts of the Thirty-fifth Legislature, Fourth Called Session. The validity of this statute, so far as it denounced as unlawful the offense charged, has been upheld by the opinions of this court in the case of Ex parte Fulton, 86 Texas Crim. Rep., 149; 215 S. W. Rep., 331; Harper v. State, 86 Texas Crim. Rep., 446, 217 S. W. Rep., 703. We deem it unnecessary to review the reasons upon which the validity of the law was sustained.

There are no questions of practice raised. The appellant having pleaded guilty and the lowest punishment assessed by the jury, the sufficiency of the evidence to sustain the conviction is not in question. Terretto v. State, 86 Texas Crim. Rep., 188, 215 S. W. Rep., 330.

The judgment of the trial court is affirmed.

*Affirmed.*