### ARTHUR LUCAS v. THE STATE.

No. 5774.    Decided November 17, 1920.

**1.—Murder—Evidence—Mental Condition of Defendant—Written Statement—Rule Stated.**

Unless it be admitted, or placed beyond question that a party making the statement offered in evidence was at the time mentally unsound, the trial court will not undertake to stop the orderly progress of the trial in order to investigate and determine what was the mental condition of the party who made such statement, and there was no reversible error in overruling an objection on this ground.

**2.—Same—Continuance—Want of Diligence—Practice on Appeal.**

Where, defendant's application for continuance showed a want of diligence and it did not appear therefrom that if the absent witness had been present he would have testified, as stated, same was properly overruled; besides, the record contained neither an application for continuance nor an order of court refusing the same.

**3.—Same—Requested Charges—Bill of Exceptions—Practice on Appeal.**

Where, neither the bill of exceptions nor the record showed when such requested instructions were presented to the court, the same cannot be considered on appeal. Following Watts v. State, 171 S. W. Rep., 202, and other cases.

**4.—Same—Self-defense—Charge of Court—Bill of Exceptions.**

Where, the bill of exceptions to the court's charge on self-defense was that the charge failed to instruct the jury fully and as they should be in

structed, with reference to the law of self-defense, the evidence in said cause adduced before the jury having shown that the issue of self-defense is the principal issue in said case, the same is too general and cannot be considered on appeal.

### 5.—Same—Charge of Court—Abandoning the Difficulty.

Where, upon trial of murder, the court properly submitted a charge on murder, manslaughter. and self-defense, and defendant was convicted of murder, and the evidence did not raise the issue of the abandonment of the difficulty, there was no reversible error in the court's failure to charge thereon; besides, there was only a general exception to the court's main charge, and the evidence being sufficient to sustain the conviction, there was no reversible error.

### 6.—Same—Rehearing—Written Statement—Examining Trial—Practice.

Where, upon trial of murder the court admitted in evidence the voluntary written statement of defendant made before the examining magistrate. and it was not claimed by the defendant upon his trial that he was insane or of unsound mind, either at the time of the homicide or at any time thereafter, but he simply objected thereto, that the defendant was mentally incapacitated from an educational standpoint. and from natural ability to understand the consequences or purpose of the statement offered in evidence. and there being no question of the sufficiency of the predicate laid by the State for the introduction of this testimony. the trial court properly overruled these objections and refused to hear testimony at that time on the mental condition of defendant; and the defendant's opportunity, if he desired to cast doubt on such evidence, was when he was introducing his side of the case.

### 7.—Same—Continuance—Want of Diligence—Practice on Appeal.

Where, the alleged absent testimony would have conflicted with the testimony of the absent witness on the examining trial, and there was a total want of diligence, the application for continuance was properly overruled.

Appeal from the District Court of Wharton. Tried below before the Honorable Sam'l. J. Styles.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*W. L. Hall,* for appellant.—On question of introduction of written statement: Patterson v. State, 106 S. W. Rep., 826.

On question of overruling application for continuance: Clark v. State, 20 S. W. Rep., 555; Price v. State, 22 Texas Crim. Rep., 116; Frazier v. State, 22 id., 122; Roach v. State, 21 id., 253.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of introduction of written statement: Williams v. State, 38 S. W. Rep., 999; Pressley v. State, 64 Texas Crim. Rep., 127; Pierce v. State, 54 id., 424; Kirkpatrick v. State, 121 S. W. Rep., 511

LATTIMORE, Judge.—Appellant was given ten years in the District Court of Wharton County, for the murder of one Anthony Bryant. All the parties were negroes. There was no dispute on the trial of the fact that deceased was killed by a knife wound, inflicted by appellant. No evidence was introduced by appellant, and the case is before us on the record as made by the State.

Upon the trial the State introduced a written and signed statement made by appellant before the magistrate, on the occasion of the examining trial. Appellant objected to its introduction upon the ground that he did not have sufficient mental capacity at the time it was made, to understand the consequences of making said statement; and did not have ability enough to know that it would be used against him, or to know that it was necessary for him to state the favorable as well as unfavorable facts in said statement. As a part of his objection, appellant offered to introduce witnesses to show that from an educational standpoint, and from the standpoint of natural ability, appellant did not understand the consequences or purpose of such a statement at the time he made it. The trial court properly overruled these objections, and refused to hear such testimony. Unless it be admitted, or placed beyond question, that a party making a statement offered in evidence, was at the time mentally unsound, the trial court will not undertake to stop the orderly progress of the trial in order to investigate and determine what was the mental condition of the party who made such statement. If appellant had such evidence, and so desired, he might have introduced the same as a part of his defense before the jury, thus placing the determination of his mental condition at the time he made said statement where it properly belonged, and thus enabling the jury to pass upon the weight, if any, to be attached to said statement. We do not understand from appellant's bill of exceptions that this evidence was ever offered by appellant as a part of his case, nor that he was refused the opportunity to introduce the same during the trial. Our understanding is that he only offered the same in connection with his objection to the voluntary statement of the accused, taken on his examining trial, and we hold that such objection was properly overruled.

Appellant has a bill of exceptions to the refusal of his application for a continuance, it appearing in said bill that he desired the testimony of one Ike Pratt. Said application fails to show such diligence as is required by law. No subpoenas are attached to the application, or appear in the record. It is stated that there are two terms of the District Court of Wharton County each year, and that appellant was indicted prior to January 1, 1919. Nothing is shown in said application as to what effort, if any, was made to obtain the presence and testimony of said witness at the April term of said court—1919. Nor is the date of the subpoena, which is stated in the application to have been issued at the November term of said court, stated anywhere in said application. The witness was not served with process at the

last mentioned term. He was out of the county, which fact was made known to appellant when the case was called for trial on December 1st. The whereabouts of said witness in an adjoining county was then disclosed, and it was stated that he could be gotten in twenty-four hours No attachment or other process was then asked for said witness, and as far as the record discloses, no further effort was made to obtain his testimony. This was not sufficient diligence. Barrett v. State, 18 Texas Crim. App., 67: Johnson v. State, 63 Texas Crim. Rep., 465: Branch's Ann. Penal Code, Sections 314-315. Several eye-witnesses to the fatal difficulty testified, and no one of them mentioned Ike Pratt as being anywhere in the vicinity, or present at the trouble. The voluntary statement made by appellant on the occasion of his examining trial, was introduced by the State, and we note that it contains no statement of the presence of Ike Pratt at the scene of the difficulty, but does mention the fact that on the previous Sunday, Ike Pratt was present, when there was some fussing between appellant and deceased. It does not appear likely to us that if said witness had been present, he would have testified as stated in said application. We do not think it sufficient that there be simply a bill of exceptions to the court's supposed refusal of a continuance. This record contains neither an application for continuance, nor an order of the court refusing the same.

Appellant complains of the refusal of the trial court to give two special instructions, and assigns such refusal as error in his motion for a new trial. An examination of said requested instructions, as they appear in the record, and also of the bill of exceptions reserved to the refusal of the trial court to give same, discloses that it is nowhere stated when such special charges were presented to the court; —whether before the main charge was read, or afterwards; whether before the argument was begun or concluded. In this condition of the record, we are unable to conclude that any error was committed by the trial court in refusing such charges. See Articles 737-737a, of Vernon's C. C. P., Watts v. State. 75 Texas Crim. Rep., 331, 171 S. W. Rep., 202; Burrus v. State, 76 Texas Crim. Rep., 120, 172 S. W. Rep., 981.

Appellant reserved an exception to the court's charge on self-defense, as follows: "Because said charges fails to instruct the jury fully and as they should be instructed, with reference to the law on self-defense, the evidence in said cause adduced before the jury having shown that the issue of self-defense is the principal issue in said case."

This is not a sufficient exception. It is too general. It suggests nothing specific, and is directed at no particular part of the charge. Such exception could not be sustained or considered in the absence of some special charge correctly presenting what appellant thinks should be charged on this issue.

The trial court instructed the jury on murder, manslaughter, and self-defense. The facts show that appellant owed deceased a small sum of money, and on the occasion in question, deceased tried to collect same, when the difficulty ensued, in which deceased seems to have been the aggressor; at one stage of the difficulty, deceased pursued appellant with an axe; that is to say, deceased was some ten or fifteen steps from appellant, and had an axe in his hand. Deceased was walking, and appellant trotting down the road. No effort of deceased to use the axe, or to overtake appellant, was shown or claimed. Appellant stated in his own voluntary statement, that after going down the road in this relative position for some distance, he stopped, turned around, and told the deceased to put down the axe and he would pay him; that about this time a negro woman came up and took the axe out of the hand of deceased, who thereupon came up to appellant and was paid the dollar. Appellant states further that deeased walked away about fifteen feet, when he, appellant, threw a brick at deceased, striking him on the back of his head. Deceased fell, but got up again, and began to circle around appellant. and appellant went up to him and cut him with a knife, severing the jugular vein or artery, and killing deceased. Appellant complains in his brief that no charge was given on abandoning the difficulty. He reserved a general exception to the main charge, for its failure to submit abandoning the difficulty, though no special instruction was legally asked presenting any phase of the law of said issue. Just what specific complaint of the charge was intended, is not clear. The court below seems to have charged the jury on manslaughter in a manner satisfactory to appellant, as there was no exception to this part of the charge. In his instruction to the jury on self-defense, the trial court told them that if from the standpoint of the appellant, it appeared to him that deceased had made a demonstration which induced appellant to believe that deceased was about to attack him, etc., he would have the right to cut deceased, and to continue to cut him as long as there seemed any danger or apparent danger; and that if the danger was apparent only, appellant would have the same right as if it was real; and that appellant did not have to retreat in order to avoid the necessity of killing deceased. No exception was reserved to the charge on self-defense. We are unable, as probably was also the trial court, to know what phase of abandoning the diffi- culty appellant desired to direct his exception at and to have given in the charge. We think the evidence fully showed that deceased had accomplished his object;—had collected his money;—and was leav- ing the place where appellant was when the latter attacked and killed him. If appellant was actuated by malice, the offense was murder; if he acted from sudden passion arising from adequate cause, it was manslaughter. The law of both these subdivisions of culpable homi- cide was fully submitted, and so satisfactorily, as to elicit no excep- tions from appellant. The application of the law to the facts was

for the jury, and they seem to have discharged their duty.

We find no error in this record sufficient to justify the reversal of this case, and it is accordingly affirmed.

*Affirmed.*

## ON REHEARING.

## November 17, 1920.

LATTIMORE, JUDGE.—In his motion for rehearing, it is again urged that the action of the trial court, in admitting in evidence the voluntary written statement of appellant, made before the examining magistrate, was error; and also that there was error in rejecting the evidence offered on behalf of the appellant, to show that he did not know and appreciate the consequences of making such voluntary statement, said evidence being offered and rejected at the time the State introduced said written statement. To make this matter clear, we set out appellant's bill of exceptions No. 8, which contains in full this objection. Said bill is as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause, the State, over the objection of the defendant, was permitted to introduce and read to the jury a written instrument, purporting to be the voluntary statement of defendant, made at the examining trial before H. T. Compton, Justice of the Peace, Precinct No. One, Wharton County, Texas, to the introduction of which defendant objected for the reasons, among others, that the defendant did not have sufficient mental capacity to understand the consequences of the statement made before the Justice of the Peace, and did not understand the nature of the statement that it would be used against him as evidence, and did not have sufficient mental capacity to know and understand that it was necessary for him to state facts in his favor with reference to the homicide, as well as facts detrimental to his defense, and defendant then and there tendered to the court testimony of witnesses showing that the defendant was mentally incapacitated from an educational standpoint and from natural ability to understand the consequences or purpose of the statement of the kind offered in evidence, to which the court overruled his said objections so made by the defendant, and the defendant in open court excepted to the ruling of the court, and here now tenders this his bill of exceptions and asks that the same be considered, signed and filed as a part of the record in this case." Which bill is approved by the trial court, as above set out.

It was not claimed by appellant upon his trial, that he was insane or of unsound mind either at the time of the homicide or at any time thereafter. No such plea was interposed, submitted, or requested. As we understand the above bill of exceptions, it was not offered by appellant to establish by witnesses that he was insane when he made

the voluntary statement referred to, but, as it is stated in the bill in so many words. it was expected to prove by said witnesses that appellant was "mentally incapacitated from an educational standpoint, and from natural ability, to understand the consequences or purpose of the statement of the kind offered in evidence." As we understand the rule, there being no question of the sufficiency of the predicate laid by the State for the introduction of this testimony, the trial court will admit same, and if appellant thereafter desires to place before the jury evidence combatting the voluntary character of the statement, or the sufficiency of the warning, or in any way affecting the admissibility of said statement, he may do so, and have the jury instructed not to consider such statement if they find same to be inadmissible under any of the rules laid down. Berry v. State, 58 Texas Crim. Rep., 291.

We do not believe a lack of education, or of natural ability to understand the consequences or purpose of making such voluntary statement, is a proper matter for the court to stop the trial and hear, and determine by the testimony of witnesses. In his motion for rehearing, appellant alleges that the approval of this bill of exceptions by the trial court, sets the stamp of his approval upon the facts therein stated. We do not so understand, but hold that such approval merely amounts to the court's statement that such were the grounds of objection urged. Hennesy v. State, 23 Texas Crim. App., 340; McKinny v. State, 41 Texas Crim. Rep., 434; Douglas v. State, 58 Texas Crim. Rep., 122; Day v. State, 61 Texas Crim. Rep., 114; James v. State, 63 Texas Crim. Rep., 75. Said bill of exceptions nowhere urges the insufficiency of the warning, or of the State's predicate for the introduction of the statement in question. Contentions to this effect, appearing in the motion for new trial, but unsupported by objection, as shown in the bill of exceptions, could not be upheld by us. We do not think we would be justified in concluding that the appellant might content himself with believing that the court would not admit such evidence at all during the trial, because of the fact that the trial court refused to permit appellant to interrupt the State's introduction of its testimony so as to hear appellant's witnesses, offered on the question of appellant's education and ability when making a voluntary statement before the magistrate. We repeat that if appellant desired to cast doubt on such evidence legitimately, his time to do so was when he was introducing his side of the case.

We have again carefully examined appellant's bills of exception, to see if there be one taken to the court's refusal to allow the introduction of such evidence at any other stage of the trial, but find none. It would seem to us that appellant's offer of such testimony was only upon an issue which he desired to present to the court, and not upon one which he desired to go to the jury; and that the court's action was correct in refusing to hear said witnesses when offered.

We have again reviewed the matter of appellant's application for continuance, in order to get the testimony of Ike Pratt. In addition to what we have already stated in our former opinion regarding lack of diligence, and the likelihood that Pratt would not testify as claimed by appellant, our attention is called to the controverting affidavit of the district attorney, in which he quotes from the testimony of this witness as given on the examining trial, showing that his testimony there given was different from that stated by appellant as expected from him. It does not appear that this witness was present or served with process at the preceding term of the district court, or the one at which this trial was had, and it does appear that he had not been summoned in any manner during the instant term. We think our holding is correct in this matter also.

This disposes of all the matters contained in this motion, and the same will be overruled.

*Overruled.*