## Lex McShan v. The State.

No. 8320.   Decided March 26, 1924.

Rehearing denied April 30, 1924.

**1.—Selling Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of selling intoxicating liquor, the evidence sustaining the conviction there is no reversible error.

**2.—Same—Bills of Exception.**

Defendant complained that while a defense witness was testifying about a conversation had by him with prosecuting witness he stated that at a certain point he had asked said witness how the grand jury got his name on the indictment, to which the State objected which was sustained. This was no reversible error in the absence of an allegation in the bill what the witness would have answered.

**3.—Same—Evidence—Bill of Exception—Question and Answer Form.**

Where certain bills of exception are in question and answer form this court will not consider them on appeal.

**4.—Same—Requested Charge.**

A requested charge complaining that the court failed to charge all the law applicable to the facts with reference to alibi, there is no reversible error, in the absence of a showing of any written exceptions to the court's charge; besides the bill of exceptions did not so allege. This must be done showing that the exception was in writing as the law requires.

**5.—Same—Evidence—Bill of Exceptions—Requested Charge.**

Where it appeared both from the requested charge itself and from the bill of exceptions that the statute which requires special charges, in all save certain excepted instances, to be presented after the evidence and before the argument was not complied with or if complied with not shown to the court, there is no reversible error.

**6.—Same—Rehearing—Impeachment—Predicate.**

Where the witness admitted while on the witness stand that he lied to the other witness at the time referred to in the impeaching testimony and stated that the reason he did so was because he was afraid of appellant, there was no necessity in considering the bill of exceptions with reference to the impeaching of said witness.

**7.—Same—Requested Charges—Rule Stated.**

This court has uniformly adhered to the rule that unless a requested charge shows upon its face or by some notation thereon made by the trial court that the same was presented after the evidence closed and before the argument began, unless the refusal of said charge be complained of by a separate bill of exceptions in which the facts are set out, this court cannot consider the same. Following: Harper v. State, 86 Texas Crim. Rep., 446, and other cases.

Appeal from the District Court of Montgomery. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. B. Browder* and *J. W. Strode,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Montgomery County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The facts seem to amply support the verdict. The prosecuting witness testified that on or about the 18th of June, 1922, at about 9 o'clock in the daytime and about a quarter of a mile south of Fostoria he bought a pint of whisky from appellant for which he paid him $1.75. Appellant denied this but admitted that he saw prosecuting witness on the 19th. By other proof it was shown that appellant was in and near Fostoria on the night of the 19th. The prosecuting witness was attacked by the defense and sustained by the State, as to his reputation for truth and veracity.

There are five bills of exception in the record. The first complains that while the defense witness Strode was giving testimony of a conversation had by him with prosecuting witness, he stated that at a certain point he asked said witness how the grand jury got his name on the indictment,—at which point he was interrupted by an objection by the State's attorney, which objection was sustained. The bill of exceptions merely states that appellant offered the proposed testimony to impeach the witness Balch who testified on cross-examination that he did not tell the witness Strode that he never bought whisky from the defendant. There is no attempt made in the bill to set out what the witness would have answered to the question propounded to him while a witness on the stand, the answer to which was objected to by the State. In such condition the bill presents no error.

Bills of exception Nos. 2 and 3 are in question and answer form and

this court, following the mandates of Art. 846 of our C. C. P., must decline to consider such bills.

Bill of exceptions No. 4 sets out that the court failed to charge all the law applicable to the facts in evidence in that the evidence raised the issue of alibi, and further recites that "At the time of said trial defendant excepted to said charge because of the above mentioned defect therein, and now tenders this his bill of exception and asks that the same be approved," etc. There nowhere appears in the record any written exception to the court's charge such as is clearly required by the terms of Article 735 C. C. P. It is there stated that one desiring to except to the charge of the court must do so in writing pointing out specifically the error objected to. In addition to the fact that the record in this case fails to show that any exception in writing to the charge was presented,—the bill under consideration nowhere states that an exception in writing was taken. A bill of exceptions merely setting forth the fact that defendant excepted to the charge will not be sufficient to justify this court in concluding that the exception was in writing as the law requires, but on the contrary this court will be compelled to believe that the exception was not in accordance with the statute.

Bill of exceptions No. 5 complains of the refusal of a special charge. When we refer to said special charge as set out in the transcript at the time and place when requested of the court, there is nothing about it, either as a part of the charge itself or in any notation made thereon by the learned trial judge, which reflects the fact that it was presented to the court after the evidence was concluded and before the argument. An examination of the bill of exceptions under discussion reveals the same defect. It begins with the statement that upon the trial of the above cause the defendant presented to the court his written charge No. 1 as follows, and concludes with the statement that the court refused to give the charge and defendant then and there excepted to the ruling of the court and tenders his bill of exceptions, etc. It thus appears both from the special charge itself and from the bill of exceptions that the statute which requires special charges, in all save certain excepted instances, to be presented after the evidence and before the argument, was not complied with; or if complied with such fact is in nowise made known to this court.

There being nothing in the record reflecting the fact that appellant has not had a fair and impartial trial, and no error appearing, the judgment will be affirmed.

*Affirmed.*

ON REHEARING

April 30, 1924.

LATTIMORE, Judge.—It is insisted that we erred in declining to consider appellant's bill of exceptions No. 2, our action being based

on the fact that said bill was in question and answer form. We have again examined it and have concluded that said bill should be considered, but in view of the qualification placed thereon by the trial court same presents no error. The evidence referred to in said bill, the rejection of which is complained of, would have had no effect save that of impeachment of the witness Balch. The court qualifies the bill by stating that Balch admitted while on the witness stand that he did lie to the witness at the time referred to in the impeaching testimony and stated that the reason he did so was because he was afraid of appellant. One who admits the truth of a predicate laid for the purpose. of impeachment thereby renders useless the admission of impeaching testimony.

It is also complained that we erred in declining to consider bill of exceptions No. 5 relating to the refusal of a special charge. The reasons for our refusal appear in the original opinion. In Harper v. State, 86 Texas Crim. Rep. 446, 217 S. W. Rep. 703; Grissom v. State, 87 Texas Crim. Rep. 465, 222 S. W. Rep. 237, Lucas v. State, 88 Texas Crim. Rep., 166, 225 S. W. Rep. 257; Berlew v. State, 88 Texas Crim. Rep. 242, 225 S. W. Rep. 518, and many other cases which might be cited, this court had adhered uniformly to the rule that unless a special charge shows upon its face or by some notation thereon made by the trial court, that the same was presented after the evidence closed and before the argument begun,—or unless the refusal of said charge be complained of by a separate bill of exceptions in which the said facts were shown, this court could not consider such bill. We presume upon appeal that the trial court acted upon reasons sufficient unless the contrary is made to appear, and the learned trial judge in the instant case having refused the special charge, we presume that he refused it, if for no other reason because it was not presented in time. The rule seems well settled.

The motion for rehearing will be overruled.

*Overruled.*