## R. D. WOODS V. THE STATE.

No. 20969. Delivered May 22, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*D. P. Parker,* County Attorney, of Comanche, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was fined by a jury the sum of $200.00 for the illegal transportation of whisky in a dry area, hence this appeal.

There is but one proposition urged in the brief of appellant upon which a reversal is sought.

It appears from the record that on June 5, 1909, an election was held in and for Comanche County, Texas, at which election this county voted itself into what is now termed a dry area, and an agreement is found in the statement of facts that such county is now a dry area by virtue of such election. The complaint and information allege that appellant thereafterwards on, to-wit: June 5, 1939, did unlawfully transport intoxicating liquor, to-wit: Whisky, in such area. It will be observed that the date of the alleged commission of this offense was exactly thirty years after the alleged date of the election that resulted in Comanche County being declared a dry area.

Our attention is called to an error in the court's charge in that when applying the law to the facts, it is said, among other things: "* * * and if you further believe from the evidence beyond a reasonable doubt that the defendant R. D. Woods, in Comanche County, Texas, on or about the 5th day of June *1909,* did unlawfully transport whisky, as charged in the information," etc. It is contended that this evidently clerical error renders this conviction void because it is shown that the offense mentioned in this clause of the court's charge was thirty years old and therefore long since barred by the statute of limitations. This mistaken date is so palpably a typographical error we feel sure it could have had no influence upon this jury, who certainly knew from the evidence that this man was being tried for an offense said to have been committed on June 5, 1939. The complaint and information both set forth the date of this alleged offense as June 5, 1939, and the date of the election as June 5, 1909, and the court's charge in its beginning reads as follows: "The defendant stands charged by information with the offense of transporting liquor in a dry area in violation of law, the offense is alleged to have been committed in Comanche County, Texas, on or about the 5th day of June, 1939, by the transportation of the following type of liquor: to-wit, whisky, after an election had been held on the 5th day of June, 1909, by the qualified voters of said Comanche County, Texas, in accordance with law," etc.

We do not find any written objections nor exceptions to the court's charge as is required by law, but merely find a bill of exceptions to that portion of the court's charge in which

the mistaken date of 1909 is inserted, which bill was filed on December 15, 1939. It is also shown that this cause was tried on July 12, 1939, and it therefore seems that no written objections were filed to the court's charge at the time same was presented to the jury, and none filed thereafter for 125 days, and this objection therefore comes too late.

We long ago held in the case of McShan v. State, 97 Texas Crim. Rep. 164, 261 S. W. 142: "Bill of exceptions No. 4 sets out that the court failed to charge all the law applicable to the facts in evidence in that the evidence raised the issue of alibi, and further recites that—'At the time of said trial defendant excepted to said charge because of the above mentioned defect therein, and now tenders this his bill of exception and asks that the same be approved,' etc. There nowhere appears in the record any written exception to the court's charge such as is clearly required by the terms of Article 735, C. C. P. It is there stated that one desiring to except to the charge of the court must do so in writing pointing out specifically the error objected to. In addition to the fact that the record in this case fails to show that any exception in writing to the charge was presented,—the bill under consideration nowhere states that an exception in writing was taken. A bill of exceptions merely setting forth the fact that defendant excepted to the charge will not be sufficient to justify this court in concluding that the exception was in writing as the law requires, but on the contrary this court will be compelled to believe that the exception was not in accordance with the statute." For many other authorities see Vernon's Annotated Criminal Statutes, C. C. P., Vol. 2, p. 323, et seq.

The record itself evidences the fact that no written objections nor exceptions were filed with the trial court at the time of the trial. Had such been done, doubtless the court would have corrected this palpably clerical error, and under the circumstances we do not think the jury could have possibly been misled as to the date of the commission of the alleged offense.

This is the only matter offered us in appellant's brief.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After carefully re-examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.