**Nicholas Garcia ESPINOZA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00028–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 20, 1982.

Rehearing Denied Feb. 10, 1982.

Discretionary Review Granted April 7, 1982.

Peggy Y. Butler, San Antonio, for appellant.

Bill White, Dist. Atty., Anton Paul Hajek, III, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, BUTTS and CLARK, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for burglary. Trial was to the court. Punishment was assessed at twelve years' imprisonment, enhanced by a prior conviction.

In only one ground of error appellant challenges the sufficiency of the evidence to sustain the conviction. With this contention of insufficiency we agree.

Tex.Penal Code Ann. § 30.02 (Vernon 1974) provides in part:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft . . . .

The record discloses that sometime during the night of April 8, 1977, a used car business on Broadway in San Antonio, consisting of an 18 × 12 foot building divided into two small offices, with a large lot for displaying automobiles, was burglarized.[1] The owners, Ellis Green and Hix Green, testified that a door was "kicked in" on the building and entry made without their consent. Discovery was made of the burglary about 8:00 a. m. on April 9, 1977. Of the items taken, a Mexican wallet and cigarettes, only the plastic case for the wallet, which was taken from a desk, was recovered. That was found in the car lot, which was proved to be open to the public 24 hours a day.

Both owner-witnesses testified on direct examination by the State that the same business was again burglarized on April 10, 1977. Proof showed that the fingerprints "lifted" from the plastic box belonged to appellant. Appellant, however, testified that he went to the car lot on the night of the 8th before the discovery of the first burglary for two reasons: to look at a "Chevy Nova" and to confirm that an acquaintance named Acosta had burglarized the place, as Acosta had told the appellant he would do. While on the lot appellant picked up the plastic box and threw it down again, he said.

Appellant's initial arrest in this case was for passing a forged check. Having followed appellant for several hours, some task force officers of the San Antonio Police Department arrested appellant at a Handy Andy supermarket on April 14, 1977, in the act of cashing a forged check. The check was one of thirty-nine proved taken in the burglary of April 10, 1977, the second burglary.

Ellis Green testified he discovered the checks missing from his personal checkbook taken from his desk. He concluded the checks were taken at the second burglary because they had not been missed after the first one. Appellant testified he received the check from Acosta on the 10th and cashed it later to help the police prove a burglary case against Acosta.

In a circumstantial evidence case the State need not present evidence excluding every conceivable hypothesis except that of defendant's guilt. It need only present evidence excluding every reasonable hypothesis. *Hooker v. State*, 621 S.W.2d 597, 601 (Tex.Cr.App.1981), and cases cited therein. Each fact need not point directly and independently to the guilt of the accused, as the

1. The indictment, in pertinent part, charged that ". . . on or about the 9th day of April, 1977, NICHOLAS GARCIA ESPINOZA, JR. did then and there, with intent to commit theft, enter a building which was not then open to the public, without the effective consent of ELLIS GREEN, the owner . . . ."

cumulative effect of all the incriminating facts may be sufficient to support the conviction. *Hooker*, at 601, and cases cited therein. Furthermore, every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Hooker*, at 601, and cases cited therein.

■ The indictment in the instant case alleged that the offense occurred "on or about" April 9, 1977. It is established Texas law that when an "on or about" date is alleged as the date of the commission of the offense, the time mentioned must be a date anterior to the presentation of the indictment and not so remote that prosecution is barred by the statute of limitations. Under such circumstances, the State is not bound by the date alleged, but conviction may be had upon proof that the offense was committed any time prior to the return of the indictment that is within the period of limitation. *Ex parte Hyett*, 610 S.W.2d 787, 789 (Tex.Cr.App.1981), *Rogers v. State*, 169 Tex.Crim.R. 239, 333 S.W.2d 383 (1960).

■ In this case, however, the evidence clearly defined the end of the time when the first burglary occurred. The "kicked in" door was discovered early Saturday morning by one of the owners. They repaired the door that day. The police investigated that day. The following Monday morning, April 11, 1977, the second damaged door was found by an owner, denoting a separately defined burglary within the period of time from Saturday night until early Monday morning. Thus, the liberal construction usually applied to "on or about" dates in charging instruments cannot be utilized by the State here to reach the check wrongfully passed by the appellant. Unequivocal proof by the State and defense established that the thirty-nine checks including the one cashed by appellant, were taken from the checkbook in the desk during the *second burglary*.

■ Recent unexplained possession of property taken in a burglary is sufficient as a presumption of guilt to sustain a conviction for burglary. *Thompson v. State*, 615 S.W.2d 760, 761 (Tex.Cr.App.1981). The facts showing commission of an offense other than the one directly charged, if part of the res gestae and aiding in development of the entire transaction surrounding the offense charged, may be admissible. The extraneous offense must be so intimately connected with the alleged offense as to be a part of the transaction. Further, the accused must be shown to be the perpetrator of the extraneous offense. *Thompson, supra*, at 761, *Ward v. State*, 581 S.W.2d 164, 167 (Tex.Cr.App.1979), *Eanes v. State*, 546 S.W.2d 312, 315 (Tex.Cr.App.1977). Although appellant testified that he did, indeed, have the check, his statement was that Georgie Acosta gave it to him, and he was aiding the police department to prove a case against Acosta. There was no proof that appellant committed the second burglary when the checks were taken, and he was not indicted for that offense. Moreover, since the check possessed by appellant was taken at the time of the second burglary, there is no showing of "recent, unexplained possession of property" taken in the first burglary.

While appellant might have been prosecuted for, and convicted of, theft under these facts, or forgery, or, possibly, the second burglary, the State in the instant case has failed to sustain its burden to prove beyond a reasonable doubt the elements of burglary on April 9, 1977, as charged in the indictment. Tex.Pen.Code Ann. § 30.02(a)(1) (Vernon 1974), *supra*.[2]

Having decided the State failed to meet its burden of proof in this case, we conclude the evidence is insufficient to support the conviction. The Supreme Court's decisions in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Green v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) govern our disposition of the case.

**2.** *Compare Ward, supra*, wherein the defendant, charged with credit card abuse, was shown to be in possession of the stolen credit cards

the very next day following two burglaries at motels. The extraneous offenses of the burglaries were held admissible.

The judgment of conviction is reversed and reformed to show acquittal.