Nicholas Garcia **ESPINOZA, Jr.,** Appellant,

v.

The **STATE of Texas,** Appellee.

No. 100–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 15, 1982.

Peggy Y. Butler, San Antonio, for appellant; David K. Chapman, San Antonio, of counsel.

Bill M. White, Dist. Atty., James L. Bruner, Keith W. Burris and Anton Paul Hajek, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

TOM G. DAVIS, Judge.

Trial was before the court upon appellant's plea of not guilty to burglary of a building, V.T.C.A. Penal Code, Sec. 30.02.

After finding appellant guilty, the court found appellant had also committed one prior felony and assessed punishment at twelve years. The conviction was reversed by the Fourth Supreme Judicial District Court of Appeals. *Espinoza v. State,* 627 S.W.2d 788 (Tex.App.—San Antonio, 1982). We granted the State's petition for discretionary review in order to examine the Court of Appeals' holding that the facts of the instant case do not bring it within the rule that the State is not bound by the date alleged and conviction may be had upon proof that the offense was committed anytime prior to the return of the indictment that is within the period of limitations.

The evidence shows that burglaries took place at the same building sometime during the night of April 8, 1977 and again on April 10, 1977. Both dates are anterior to the presentation of the indictment and are not so remote as to be barred by limitation. The indictment alleged the burglary occurred "on or about the 9th day of April, 1977."

Appellant was arrested on April 14, 1977 in the act of cashing a forged check taken from the burglarized building. The check was one of several the Court of Appeals concluded that the evidence showed to have been taken in the April 10 burglary. It is undisputed that the door through which entry was gained was damaged during the first burglary, repaired the following morning, and again damaged when entry was gained at the second burglary.

In light of the fact that the two burglaries were clearly defined (by virtue of the repair of the door immediately following the first offense), the Court of Appeals concluded "the liberal construction usually applied to 'on or about' dates in charging instruments cannot be utilized by the State here to reach the check wrongfully passed by the appellant. Unequivocal proof ... established that the thirty-nine checks including the one cashed by appellant, were taken from the checkbook in the desk during the second burglary." The court concluded appellant was not indicted for the second burglary and therefore there was no showing of "recent, unexplained possession of property taken in the first burglary."

In *Hill v. State,* Tex.Cr.App., 544 S.W.2d 411 the defendant was charged in two indictments with sales of heroin alleged to have occurred "on or about" April 27, 1973. After setting forth the general rule relative to the State not being bound by the date on or about which the offense is alleged to have happened, this Court stated "If it be appellant's position that one of the indictments should have averred that one sale occurred on or about 11:05 a. m. on April 27, 1973, and the other indictment alleged another sale on the same date at about 2:50 p. m., the State still would not have been prohibited from proving any one of the sales of heroin to Braswell (all falling within the limitation period) under either indictment."

In *Edwards v. State,* Tex.Cr.App., 561 S.W.2d 834 appellant was charged with burglary of a building. The evidence showed that burglaries had taken place two days apart at 804 Hollybrook and 800 Hollybrook.

In footnote 3, citing *Hill v. State,* supra, it was noted that any question regarding which burglary the conviction was based on was not before the court. In the instant case, as in *Edwards,* the appellant did not move that the State be required to elect upon which offense it intended to rely for conviction.[1]

---

1. In *Hill,* this Court quoted from *Marshall v. State,* Tex.Cr.App., 432 S.W.2d 918 concerning the question of jeopardy which may arise when evidence of separate offenses is admitted under an indictment upon which a conviction of either offense can be had:

"Where two or more similar but separate acts constituting separate offenses are placed in evidence under an indictment or informa-tion under which a conviction of either offense can be had, and neither the state nor the court elects one particular act on which conviction is sought, a plea of former conviction or of former acquittal will be good on a subsequent prosecution based on any of the acts or offenses proved, it being uncertain for which one the conviction was had."

We find that conviction may have been had under the indictment herein upon sufficient proof to support a conviction for burglary occurring on either April 8 or April 10.

We remand this cause to the Court of Appeals to determine if there is sufficient evidence to support a conviction growing out of either of the two burglaries upon which evidence was introduced in the trial court.