Nicholas Garcia ESPINOZA, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00028–CR.

Court of Appeals of Texas, San Antonio.

Nov. 17, 1982.

Peggy Y. Butler, San Antonio, for appellant.

Bill White, Dist. Atty., Anton Paul Hajek, III, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CLARK, JJ.

OPINION

BUTTS, Justice.

Our previous opinion is withdrawn. The Court of Criminal Appeals granted petition for review and remanded the case for this court to determine if there is sufficient evidence to support a conviction growing out of either of the two burglaries upon which evidence was introduced in the trial court. *Espinoza v. State,* 638 S.W.2d 479 (Tex.Cr.App.1982).

This court found the two burglaries were clearly defined in the proof, with sharp demarcation of the time of each burglary. The evidence established that several days after the second burglary appellant passed a check taken in the second burglary and was arrested then. This court noted the objections leveled at the proof throughout the trial before the court. Examples of appellant's objections:

Your Honor, what charge am I supposed to defend my client on. He is charged with committing a burglary on the 9th day of April, 1977. Now we are talking about a burglary that happened three days later.

Your Honor, I object to it [the check] because it has no relevancy as to the burglary on April 9, 1977. The State's own witnesses have testified that on the ninth of April, 1977 those checks were in his checkbook—we are trying a burglary of the ninth of April, 1977 and not for allegedly forgery and passing case.

Your Honor, I object to this line of questioning unless she [prosecutor] can establish that these came from a burglary that occurred about April 8, of 1977.

This court held that the facts of the two distinct burglaries did not bring the case within the general rule that the State is not bound by the date alleged and conviction may be had upon proof that the offense was committed anytime prior to the return of the indictment that is within the limitations period. But the Court of Criminal Appeals held that the conviction could be had under the indictment upon sufficient proof to support a conviction for burglary occurring on *either* April 8 or April 10. In doing so it relied upon *Edwards v. State,* 561 S.W.2d 834 (Tex.Cr.App.1977) and *Hill v. State,* 544 S.W.2d 411 (Tex.Cr.App.1976). In *Edwards,* footnote 3 states:

Any question as to whether the instant conviction concerns the alleged burglary at 800 Hollybrook or 804 Hollybrook is not before us inasmuch as appellant did not at any time seek a clarification, secure an instruction or request an election by the State. *See Hill v. State,* 544 S.W.2d 411 (Tex.Cr.App.1976).

*Edwards v. State, supra* at 838, n. 3. With this in mind, even though the proof clearly defined the two burglaries, we hold the State correctly proceeded to introduce proof of both burglaries and the extraneous offense. Appellant in the instant case could have sought a clarification, secured an instruction or requested an election by the State. We hold that the objections made did not preclude proof of the second burglary and the extraneous offense of forgery and passing.

In addressing the sufficiency question, we note this is a circumstantial evidence case. *See Hooker v. State,* 621 S.W.2d 597 (Tex. Cr.App.1981), *Culmore v. State,* 447 S.W.2d 915 (Tex.Cr.App.1969). Under the circumstances of this case, since the State was not bound by the date alleged, conviction could be had upon proof that the offense was committed any time prior to the return of the indictment that was within the period of limitations. *Ex parte Hyett,* 610 S.W.2d 787, 789 (Tex.Cr.App.1981).

■ Recent unexplained possession of property taken in a burglary is sufficient as a presumption of guilt to sustain a conviction for burglary. *Thompson v. State,* 615 S.W.2d 760, 761 (Tex.Cr.App.1981). The facts showing commission of an offense other than the one directly charged, if part of the *res gestae* and aiding in development of the entire transaction surrounding the offense charged, may be admissible. The extraneous offense must be so intimately connected with the alleged offense as to be a part of the transaction. Further the accused must be shown to be the perpetrator of the extraneous offense. *Thompson, supra, Ward v. State,* 581 S.W.2d 164, 167 (Tex.Cr.App.1979), *Eanes v. State,* 546 S.W.2d 312, 315 (Tex.Cr.App.1977). The proof showed that appellant was arrested as he passed a forged check, one of the 39 checks taken in the second burglary. Further the plastic case of a missing wallet, taken in the first burglary, revealed appellant's fingerprints upon it after it was found in the used car lot of the burglarized building. Although appellant presented exculpatory statements as to his reason for having the check, the trial judge, as the trier of fact, was free to disbelieve those statements. In those instances where the trial judge is the finder of fact, he is the sole judge of the credibility of the witnesses. *Moon v. State,* 607 S.W.2d 569 (Tex.Cr. App.1980). The facts of a burglary may be proved by circumstantial evidence. *Nelson v. State,* 599 S.W.2d 809 (Tex.Cr.App.1980).

■ When the evidence is circumstantial, it must be viewed in light of the presumption that the accused is innocent. *Sewell v. State,* 578 S.W.2d 131, 135 (Tex.Cr.App. 1979). We must inquire whether the trier of fact might reasonably conclude that every reasonable hypothesis other than the defendant's guilt has been excluded. *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr. App.1977), *Flores v. State,* 551 S.W.2d 364 (Tex.Cr.App.1977). In light of the admissible evidence against appellant, we hold the evidence to be sufficient to sustain the trial court's finding of guilt.

The judgment is affirmed.