Curtis Richard KLINGBEIL, Appellant,

v.

STATE of Texas, Appellee.

No. C14–82–507CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 11, 1983.

Phillip Bozzo, Houston, for appellant.

Richard Mason, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This appeal arises from a conviction for theft of an automobile. The jury found appellant guilty of the offense and assessed punishment at five years imprisonment. We affirm.

On February 19, 1982, at approximately 10:30 p.m., David Lee Kaiser, the complainant, was driving a van owned by his employer. Kaiser testified he had just left a restaurant on Wirt Road in Harris County. After he drove approximately two blocks, someone placed a wire around his neck and pulled his head to the back of the seat. Kaiser slammed on the brakes, and after a violent struggle, was able to escape the assailant's grasp and jump from the van. The assailant, later identified as appellant, commandeered the van and proceeded north on Wirt Road. Several police cars pursued appellant in a high speed chase as he drove north on U.S. Highway 59. Appellant ran two police cars and several other vehicles off the roadway. The chase ended near Cleveland, Texas, about twenty-five miles from Houston, after an officer shot out a tire on the van. Several officers attempted to apprehend appellant as he exited the van. A struggle ensued and appellant received a gunshot wound in his back when an officer's gun accidentally discharged.

Initially, appellant complains of the state's jury argument during the punishment phase of the trial, wherein the prosecutor stated, "Now, what makes this more than the average auto theft: first off, they're strangers .... the second thing, this was a robbery." After the court denied appellant's motion for mistrial, sustained appellant's objection and *sua sponte* instructed the jury to disregard the comments, the prosecutor continued, "The facts indicate an assault. I'm sure you found him guilty for auto theft, but the facts indicate an assault, a pretty serious assault...." Appellant contends the remarks constituted comments about extraneous crimes for which he was neither charged nor convicted.

Appropriate jury argument consists of (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. *Darden v. State,* 629 S.W.2d 46 (Tex.Cr. App.1982). Although the argument in the instant case may have been improper in the sense that "robbery" and "assault" are outside the scope of the court's charge, we do not perceive the error as one which necessitates reversal of the conviction. The state is not entitled to ask the jury to assess punishment for collateral crimes and add such punishment to the penalty assessed for the offense alleged in the indictment. *Brown v. State,* 530 S.W.2d 118 (Tex.Cr. App.1975). However, we see the instant argument as an assessment of the facts and circumstances surrounding the offense; such circumstances may be considered by the jury in determining punishment. *Klueppel v. State,* 505 S.W.2d 572 (Tex.Cr.App. 1974). We do not view the remarks in question as a specific invitation for the jury to punish appellant for *additional* crimes for which he was not then being tried, but at most an effort to convince the jury to assess a severe punishment within the range allowed for the offense for which he was convicted. The error, if any, was cured by the instruction to disregard. Ground of error one is overruled.

Appellant next complains of the state's use of a statement made by appellant while appellant was hospitalized.

The record reflects the following during the guilt-innocence phase of the trial: appellant testified that on the night in question he had been drinking, smoking marijuana and had taken LSD and Mandrax. He said he had no recollection of entering the van, although he remembered falling asleep in the back seat. He denied wrapping the wire around Kaiser's neck. When asked about the chase, appellant stated he did not stop because, "I was scared that if I would stop that either I'd get shot or thrown in jail. . . . I just read the paper and listen to the news too much. It happens all the time to anybody. [sic]" When defense counsel asked appellant "what [he] was thinking" at that time, appellant testified he was 'having "flashbacks." While appellant was being questioned about these "flashbacks" by the prosecution, the jury was retired. Outside the presence of the jury, Deputy Constable Jack Martin testified that on February 22, 1982, he was guarding appellant at Ben Taub Hospital. Martin stated appellant had eaten breakfast and was in another room smoking a cigarette when Martin arrived at about 6:00 a.m. Martin testified appellant was able to move around easily and did not appear to be in pain or under the influence of drugs. At approximately 9:00 a.m. Martin witnessed a conversation between appellant and Sergeant Campbell of the Constable's Office. Martin recalled Campbell advising appellant of his *Miranda* rights and appellant stating he understood them. The officer testified that Campbell made no promises in return for appellant's statement. According to Martin, appellant made a statement to Officer Campbell in which he said he had not stopped the van on the night in question because he was afraid, "that if they started running him through the computer they were going to come back with two felony warrants that were standing out [sic] against him from Wisconsin." At the hearing, the testimony of appellant and Martin were conflicting regarding appellant's receiving and waiving his rights being in great pain and under the influence of drugs when he spoke to Campbell. He further stated that Campbell coerced him into talking by promising that no charges

would be filed if he would make a statement.

At the conclusion of the hearing, the court determined that appellant had been properly warned, had chosen to waive his rights, and had voluntarily made a statement to Campbell. Before the jury, the state then attempted to impeach appellant by asking, "Isn't it true, Mr. Klingbeil, that on the morning of February 22, 1982, you told Sergeant Campbell, while you were in your hospital room at Ben Taub Hospital, the reason you did not stop for [the] police . . . was because you had flashbacks or recollections of the two felony warrants against you from the state of Wisconsin?" Appellant would neither admit nor deny making this previous statement.

The trial court is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony at a hearing on the voluntariness of a confession. *Burks v. State,* 583 S.W.2d 389 (Tex. Cr.App.1979), *cert. denied,* 448 U.S. 907, 100 S.Ct. 3050, 65 L.Ed.2d 1136 (1980). In the instant case, the court resolved questions of fact against appellant; the findings are supported by evidence adduced at the hearing. Similarly, we do not perceive the state's attempt to impeach appellant as improper under TEX.CODE CRIM.PROC. ANN. art. 38.29 (Vernon 1979) which prohibits impeachment with non-final convictions. The State merely *attempted* to confront appellant with a prior inconsistent statement. The appellant was never confronted with the previous statement, nor was it introduced before the jury. Appellant testified repeatedly on direct examination about his state of mind during the chase and why he failed to stop for the police. The appellant having opened the door, the state was free to walk through and attempt to test the credibility of appellant's testimony. Grounds of error two and four are overruled.

By ground of error three, appellant contends the evidence is insufficient to prove that he formed an intent to steal the van in Harris County. The complainant

testified the episode in question took place in Harris County. This is sufficient to prove venue even though appellant may have been apprehended in another county. *Hignite v. State,* 522 S.W.2d 210 (Tex.Cr. App.1975); TEX.CODE CRIM.PROC.ANN. art. 13.17 (Vernon 1977). Ground of error three is overruled.

The conviction is affirmed.