**William Charles TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–004 CR.**

Court of Appeals of Texas, Beaumont.

June 10, 1987.

Douglas M. Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

 This case was remanded to us from the Court of Criminal Appeals to consider the other grounds of error. *Turner v. State*, 726 S.W.2d 140 (Tex.Crim.App. 1987). In the Appellant's first ground of error, he alleges that the evidence was insufficient to prove the offense occurred after the effective date of the applicable statute and thus the conviction is void. There is evidence that the offense was committed after the effective date of the applicable statute. If a conviction could be supported upon proof that the offense was committed any time prior to the return of the indictment that was within the period of limitation, then the State is not bound by the date alleged in the indictment. *Espino-*

*za v. State*, 644 S.W.2d 96 (Tex.App.—San Antonio 1982, no pet.); *Ex parte Hyett*, 610 S.W.2d 787 (Tex.Crim.App.1981); *Turner v. State, supra*. In the case at bar, the jury could find that the facts are clear that this conduct by the Appellant had continued over a long period of time. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983, Opinion on Motion for Rehearing); *Freeman v. State*, 654 S.W.2d 450 (Tex.Crim. App.1983, Opinion on Motion for Rehearing); *Denby v. State*, 654 S.W.2d 457 (Tex. Crim.App.1983, Opinion on Motion for Rehearing); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983, Opinion on Motion for Rehearing) and *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The law clearly states that the jury is the exclusive judge of the facts proved, credibility of the witness and the weight to be given to testimony. *Howard v. State*, 420 S.W.2d 706 (Tex.Crim.App.1967). The jury may accept or reject any part or all of the testimony by the State or defense witnesses. *Johnson v. State*, 571 S.W.2d 170 (Tex. Crim.App.1978). In the case at bar, the jury could accept or reject any testimony given by the victim as to when the sexual assaults occurred. The jury had the victim before them to observe her demeanor and credibility. The jury found her testimony sufficient and thereby rendered a guilty verdict.

As to conflicts in the testimony, the jury has the right and, indeed, the duty to determine that which it deems credible. *Thomas v. State*, 100 Tex.Crim. 114, 272 S.W. 149 (1925). Also, where the evidence was sufficient to convict the Appellant, the verdict finding him guilty is binding on appeal. *Clark v. State*, 90 Tex.Crim. 613, 237 S.W. 260 (1922). Appellant's first ground of error is overruled.

As for the Appellant's Grounds of Error Nos. 2, 3, 4 and 7, the same were disposed of by the Court of Criminal Appeals in its opinion. *Turner v. State, supra*. We find no merit in them.

 In the Appellant's Fifth Ground of Error, he alleges that the trial court erred in failing to order that the grand jury testimony of the complainant be provided to

Appellant during the trial. Where an accused has failed to show any particularized need for grand jury testimony, the trial court acted properly in denying the accused's motion therefor. *McManus v. State*, 591 S.W.2d 505 (Tex.Crim.App.1979); *Hoffman v. State*, 514 S.W.2d 248 (Tex.Crim.App.1974); *Martinez v. State*, 507 S.W.2d 223 (Tex.Crim.App.), *cert. denied*, 419 U.S. 969, 95 S.Ct. 234, 42 L.Ed.2d 186 (1974); *Williams v. State*, 493 S.W.2d 863 (Tex.Crim.App.1973). Determining whether to grant or deny a request for grand jury testimony is within the sound discretion of the trial court, if accused has shown some particularized need. We find none here. We overrule the Fifth Ground of Error.

The Appellant alleges, in the Sixth Ground of Error, that the trial court erred in denying his Motion for Mistrial based upon the prosecutor's improper comments before the jury. The statements, if any, made by State's attorney on extraneous offenses were harmless. The problem was certainly cured by the Appellant's timely objection and the court's proper instructions to the jury. *Klingbeil v. State*, 659 S.W.2d 98 (Tex.App.—Houston [14th Dist.] 1983, no pet.). We overruled this ground of error.

The final ground of error argues that there is no offense entitled "Aggravated Sexual Assault on a Child" included in the Penal Code. We think no harm to Appellant was done simply by incorrectly stating the title of an offense. This was a mere clerical mistake; it can be cured. We decide the charge was correct; hence, this clerical error is not reversible error. We overrule this last ground of error.

We affirm the trial court's conviction.

AFFIRMED.