**Ann METZLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–229 CR.**

Court of Appeals of Texas,
Beaumont.

March 3, 1993.

Tom Brown, Livingston, for appellant.

Terry Brown, Dist. Atty., Livingston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Ann Metzler of criminal solicitation to commit murder and assessed punishment at eighteen years' confinement in the Texas Department of Criminal Justice, Institutional Division and a $5,000 fine. Appellant raised three points of error in her brief, but abandoned point of error two at oral argument. We will address points of error one and three.

Point of error one challenges the sufficiency of the evidence to sustain the conviction. The proper standard of review is whether, considering all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The jury is the exclusive judge of the facts proved, and of the weight and credibility to be given to the testimony. TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979). The jury is authorized to accept or reject any or all of the testimony of the witnesses even though contradicted. *Sharp v. State,* 707 S.W.2d 611 (Tex.Crim.App.1986) *cert. denied* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

Appellant was indicted for soliciting Joseph Hopper to murder her husband, Richard Metzler. Joseph Hopper is paraplegic and totally deprived of the use of his legs and his hands. Appellant was employed to provide home health care to Joseph. Ap-

pellant and Joseph had a sexual romantic relationship.

The state's evidence of the actual solicitation was provided mainly through the testimony of Joseph's sister Paula Hopper Moore, and his fifteen-year-old brother Jeffrey Hopper. Mrs. Moore testified that she was present at Joseph's house when appellant received a telephone call from her husband. Appellant became upset and after concluding the call told Joseph "he had to get rid of him, that she didn't care how they got rid of him, get rid of him. . . . [A]s long as he didn't hurt her and the kids, didn't care how he did it. . . . [Y]ou have to shoot him or, you know, do something to him to get rid of him. . . ." Paula asked appellant why she didn't just leave him and appellant replied that "he will kill her, so, they had to get rid of him first." During this conversation Joseph tried to get appellant to stop talking. Some time later Joseph and Jeffrey admitted to Paula and other family members that they had made a bomb.

Jeffrey testified that Joseph showed him how to make the three pipe bombs, which they placed in Richard's car. Joseph told Jeffrey he would get $20,000 from $225,000 in life insurance on Richard. Appellant ratified the agreement to pay Jeffrey $20,000, and Jeffrey told Joseph in appellant's presence that he had better get his money because now he knows how to make a bomb. Appellant was aware that they were going to kill her husband. Richard discovered the bomb when his foot caught on the wires which connected the device to the brake pedal. Several witnesses testified that appellant and Joseph Hopper admitted that they had tried to kill Richard.

■ Appellant argues that the jury charge required the jury find that appellant's intent was for Jeffrey Hopper to act on her solicitation of Joseph Hopper. The language in the charge which appellant refers to is found in the paragraph that contains the accomplice witness instruction. This instruction was given pursuant to TEX.PENAL CODE ANN. § 15.03(b) (Vernon 1974). Appellant argues that the only evidence of solicitation was her statement to

Joseph that he had to get rid of Richard, and she did not mention Jeffrey in that statement. We disagree with appellant's interpretation of the record. The jury was authorized to convict appellant upon finding the elements of solicitation occurred any time before the presentment of the indictment and within the applicable statute of limitation. *See Espinoza v. State*, 638 S.W.2d 479 (Tex.Crim.App.1982). That solicitation extended to the planning of the murder, including the later contacts with Jeffrey. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that appellant induced Joseph Hopper to murder Richard Metzler, and that at the time she knew he could not execute the murder without assistance and that the assistance would be provided by Jeffrey Hopper. Point of error one is overruled.

■ Point of error three urges the trial court erred in overruling appellant's objection to the jury charge concerning the law of parties. The charge contained an abstract recitation of the law of parties. Appellant objected to the inclusion of the abstract definition of the law of parties. The application paragraph contained a single reference to parties to an offense. The application paragraph reads:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of April, 1989, in Polk County, Texas, the defendant, ANN METZLER, did intentionally and knowingly and with intent that a first degree felony be committed, namely, the murder of Richard Ray Metzler, request or command or attempt to induce Joseph Edward Hopper to engage in specific conduct that under the circumstances surrounding the conduct of Joseph Edward Hopper as the defendant believed them to be would constitute such murder *or would make Joseph Edward Hopper a party to such murder*, to wit, that the said defendant did intentionally request or command or attempt to induce the said Joseph Edward Hopper to intentionally or knowingly cause the death of an individual, namely, Richard Ray Metzler,

then you will find the defendant guilty of criminal solicitation. (emphasis added)

Appellant complains that the abstract definition is confusing because the gender pronouns used in the abstract definition seem to indicate that the jury should apply the law of parties to appellant, the only female implicated in the crime, rather than to Joseph Hopper. It is true that the State did not attempt to obtain a conviction based upon the theory that appellant was a party to solicitation. Tracking section 15.03(a), the application paragraph did refer to the concept of culpability as a party where it required the jury find that appellant induced Joseph Hopper to engage in conduct that would constitute culpability as a party to the offense of murder. Appellant's trial objection was to the inclusion of the abstract instruction as a whole rather than to the wording of that instruction. Appellant did not object to the application of the concept of culpability as a party as stated in the application paragraph. Since the application paragraph applied the law of parties, it was not error for the trial court to include an abstract definition of that concept. The specific wording of the abstract definition was not subject to a trial objection and may not be raised as error for the first time on appeal. TEX.R.APP.P. 52(a). Point of error three is overruled. The judgment is affirmed.

AFFIRMED.