**James Emson CUCANCIC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–98–423CR.**

Court of Appeals of Texas, Beaumont.

Submitted Aug. 19, 1999.

Decided Aug. 25, 1999.

James R. Makin, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

James Emson Cucancic appeals his conviction of aggravated sexual assault of a child. The jury sentenced Cucancic to seventy-five years' confinement in the Texas Department of Criminal Justice—Institutional Division. Cucancic raises two issues.

 Cucancic first contends the trial court erred by failing to define "reasonable doubt" for the jury in the punishment

phase of the trial. The trial court instructed the jury they could only consider any extraneous acts if they first found and believed beyond a reasonable doubt Cucancic committed or participated in such acts. The trial court did not define reasonable doubt in the punishment phase but no objection was made and no requested instruction was submitted. Reasonable doubt was defined in the guilt/innocence phase of the trial. Cucancic argues that reasonable doubt must also be defined in the punishment phase.

There is currently a split of authority on this issue. The Fort Worth Court of Appeals recently found in *Matz v. State,* 989 S.W.2d 419, 425–26 (Tex.App.—Fort Worth 1999, pet. filed), the trial court erred in refusing the defendant's request for a reasonable doubt definition. The court then determined that under *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1984), the defendant was not harmed. *Id.* Likewise, the Dallas court in *Splawn v. State,* 949 S.W.2d 867, 873–75 (Tex.App.—Dallas 1997, no pet.), decided the trial court erred in refusing to define reasonable doubt at the defendant's request in the punishment charge, but under *Almanza,* the defendant was not harmed. Similarly, in *Cormier v. State,* 955 S.W.2d 161, 162–63 (Tex.App.—Austin 1997, no pet.), the Austin court determined that where the defendant failed to object, any error in omitting a definition of reasonable doubt in the punishment charge did not egregiously harm the defendant. The Houston Court of Appeals has also taken this approach in its recent decision of *Collins v. State,* —— S.W.2d ——, 1999 WL 442178 (Tex.App.— Houston [1st Dist.] July 1, 1999, n.p.h.). There, the court found that when the State offers extraneous offenses, the trial court errs in omitting an instruction on the definition of reasonable doubt in the punishment charge. The error is subject to harm analysis under *Almanza. Id.* slip op. at ——. (In *Ethredge v. State,* 1999 WL 548651 (Tex.App.—Houston [1st Dist] July 29, 1999, n.p.h5.), the court applied the

*Collins* decision to enhancement paragraphs.)

The Waco court has taken a different approach in *Coleman v. State,* 979 S.W.2d 438, 444 (Tex.App.—Waco 1998, no pet.), and *Dickson v. State,* 986 S.W.2d 799 (Tex. App.—Waco 1999, pet. filed). In *Coleman,* the court held that even if requested, the trial court need not define reasonable doubt if it was previously defined in the guilt-innocence charge. *Id.* at 444. Subsequently, in *Dickson,* the Waco court held that "because the court submitted a correct definition of the term 'reasonable doubt' in its charge on guilt-innocence, the court appropriately denied [the defendant's] request to provide that definition to the jury again in the punishment charge." *Dickson,* 986 S.W.2d at 806.

The Texarkana Court of Appeals has followed the same approach. In *Levy v. State,* 860 S.W.2d 211, 213 (Tex.App.— Texarkana 1993, pet. ref'd), the Texarkana court found the trial court did not err in denying the defendant's request for a definition of reasonable doubt in the punishment charge because the jury was reminded it was bound by the earlier definition given in the guilt-innocence charge. However, in *Powers v. State,* 985 S.W.2d 596, 600 (Tex.App.—Texarkana 1999, pet. ref'd, pet. dism'd), the court found the defendant waived error by failing to either object to the court's charge or request an instruction and noted that when error in the jury charge is not preserved, the defendant must show egregious harm under *Almanza. Id.* Unlike *Levy,* the *Powers* court did not simply find there was "no error." *Levy,* 860 S.W.2d at 213. The *Powers* court did not address this apparent discrepancy, but as it is the more recent, we assume it is the approach Texarkana has settled upon.

The San Antonio Court of Appeals in *Fields v. State,* 966 S.W.2d 736, 741–42 (Tex.App.—San Antonio 1998, pet. granted), has taken an entirely different tack. There, the court found the trial court erred in failing to define reasonable doubt

even though no objection was made and it was not requested that the judge submit a definition. The court then stated *Almanza* did not apply because the error was constitutional. *See Huizar v. State*, 966 S.W.2d 702, 708 (Tex.App.—San Antonio 1998, pet. granted)(holding failure to instruct jury on reasonable-doubt standard during punishment phase is constitutional error). The court determined that under TEX. R. APP. P. 44.2(a) it could not conclude beyond a reasonable doubt the trial court's failure to define reasonable doubt did not contribute to the defendant's punishment.

We agree with those courts of appeal holding it is error to deny a requested definition of reasonable doubt in the punishment charge. Where no such request was made, and no objection to the charge was lodged, we hold the error is reversible only if the record establishes the defendant did not receive a fair and impartial trial. *See Ewing v. State*, 971 S.W.2d 204 (Tex.App.—Beaumont 1998, pet. ref'd). Applying this standard, we cannot say the failure of the trial court to define reasonable doubt in the punishment charge constituted egregious harm. The trial court instructed the jury in the punishment charge that the State had to prove the extraneous offenses "beyond a reasonable doubt" and defined reasonable doubt in the guilt/innocence charge, given that same afternoon. "There is no reason to believe the jury did not remember the definition of reasonable doubt, since it had so recently applied it in the guilt/innocence phase of the trial." *Powers*, 985 S.W.2d at 601. We find Cucancic has not met his burden of showing the error deprived him of a fair and impartial trial so as to require reversal. Issue one is overruled.

In his next issue, Cucancic claims the trial court erred in allowing the introduction of an extraneous offense. Cucancic contends the evidence was more prejudicial than probative and its admission violated TEX.R. EVID. 404(b). Under TEX. CODE CRIM. PROC. ANN. art. 38.37 (Vernon Pamphlet 1999), the admission did not vi-olate Rule 404(b). Article 38.37 provides that "[n]otwithstanding [Rule] 404 . . ., evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters . . . ." Thus, under article 38.37 the evidence was relevant.

We next turn to Cucancic's claim the evidence was more prejudicial than probative. The Court of Criminal Appeals has established that evidence such as that contested here is, in general, more probative than prejudicial.

[A]lthough criticized by many commentators and abolished by some courts, we continue to recognize a narrow exception for sex offenses to permit admission of similar extraneous sex offenses which occurred between the minor complainant and the accused. Arguably, because extraneous sex acts between the complainant and the defendant are not admissible until the defendant denies the act or undermines the credibility of the complainant in some fashion, this narrow "exception" simply follows the admissibility analysis of *Williams* [*v. State* ], 662 S.W.2d 344 [ (Tex.Crim.App.1984) ]. The extraneous acts are relevant and probative under the "res gestae" or context rationale from which they arose. When the defendant denies the act or relationship or undermines the State's case, then there is need for such evidence to shore up some part of the State's case, and the prejudice is not greater than that need, i.e., the extraneous acts between the complainant and the defendant are usually more probative than prejudicial.

Therefore, we continue to recognize a limited "exception" for admission of extraneous sexual transactions between a defendant and the complainant. . . . Particularly in cases involving minors, such evidence can aid the jury in properly evaluating the "inherently questionable testimony of a minor against an adult responsible for his welfare" or in a

position of authority and control over the minor.

*Boutwell v. State,* 719 S.W.2d 164, 178 (Tex.Crim.App.1985) (citations omitted). *See also Poole v. State,* 974 S.W.2d 892, 898 (Tex.App.—Austin 1998, no pet.). Because the evidence was probative in showing the state of mind of both Cucancic and the victim, and established the nature of their relationship, the trial court's ruling was within "the zone of reasonable disagreement" and not an abuse of discretion. *See Boutwell,* 719 S.W.2d at 178–79; *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990). Issue two is overruled.

The judgment of the trial court is AFFIRMED.