In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-116 CR


____________________



BURNS TILTON BOYD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 9540






MEMORANDUM OPINION


 A jury convicted Burns Tilton Boyd of burglary of a habitation. The jury further
found the allegations of at least two of the enhancement paragraphs to be true and assessed
punishment at seventy years' confinement in the Texas Department of Criminal Justice,
Institutional Division. Boyd appeals claiming there was error in the charge on punishment. 

 Appellate counsel contends the jury was instructed in such a way as to allow Boyd
to be sentenced contrary to Texas law, as a habitual felony offender, if the jury found
enhancement paragraphs two and three to be true, because they are not sequential. The
trial court instructed the jury: "If you find the allegation in Enhancement Paragraph Two
and Enhancement Paragraph Three of the indictment true, you will assess punishment of
the Defendant at confinement in the institutional division of the Texas Department of
Criminal Justice for not less than 25 years nor more than 99 years of [sic] life. . ." The
record reflects that the conviction alleged in Enhancement Paragraph Two is not
subsequent to the conviction alleged in Enhancement Paragraph Three because the
conviction alleged in Enhancement Paragraph Three did not become final until March 6,
1974, the same date as the conviction alleged in Enhancement Paragraph Two. 
Accordingly, the trial court did err in instructing the jury. (1)

 However, because no objection was raised the harm must be egregious for the error
to be reversible. See Shavers v. State, 985 S.W.2d 284, 291 (Tex. App.--Beaumont 1999,
pet. ref'd) (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op.
on reh'g)). We have held the error is reversible only if the record establishes the
defendant did not receive a fair and impartial trial. See Cucancic v. State, 997 S.W.2d
396, 398 (Tex. App.--Beaumont 1999, pet. ref'd) (citing Ewing v. State, 971 S.W.2d 204
(Tex. App.--Beaumont 1998, pet. ref'd)). In accordance with section 12.42 of the Texas
Penal Code, the State was only required to prove the defendant had previously been
convicted of two felonies, and the first became final before the second occurred, to
authorize sentencing Boyd as a habitual offender. See Tex. Pen. Code Ann. §12.42
(Vernon Supp. 2004). The conviction alleged in Enhancement Paragraph One is clearly
subsequent to either the conviction alleged in Enhancement Paragraph Two or Three
having become final. The charge therefore permits the jury to find the proper sequence
of the prior convictions to meet the requirements of section 12.42 in assessing punishment. 
We do not find fundamental error in the charge. See Howell v. State, 795 S.W.2d 27, 29
(Tex. App.--El Paso 1990, pet. ref'd). Boyd's points of error are overruled. The
judgment of the trial court is AFFIRMED.

 PER CURIAM

 

Submitted on February 6, 2004 

Opinion Delivered February 18, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. The trial court further erred in instructing the jury it might assess a fine in any
amount not to exceed $10,000.